

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2007

# Watkins v. Cape May Cty Corr

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4540

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Watkins v. Cape May Cty Corr" (2007). *2007 Decisions.* Paper 706.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/706

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4540
_____

FRED L. WATKINS, JR.,

Appellant

v.

CAPE MAY COUNTY CORRECTIONAL CENTER (Medical Dept.); PRISON
HEALTH SERVICES; COUNTY OF CAPE MAY
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-04967)
District Judge: Honorable Noel L. Hillman
_____

Submitted Under Third Circuit LAR 34.1(a)
June 20, 2007

Before: SLOVITER, MCKEE AND AMBRO, <u>CIRCUIT JUDGES</u>

(Filed: July 23, 2007)

_____

OPINION
_____

PER CURIAM

        Appellant, Fred L. Watkins, Jr., proceeding <u>pro</u> <u>se</u>, appeals an order of the United

States District Court for the District of New Jersey granting the motion for summary

judgment filed by the defendants named in Watkins' civil rights complaint. We will

affirm.

From November 2003 to December 2004, Watkins was incarcerated at the Cape May County Correctional Center as a pretrial detainee. Shortly after his arrival at the correctional facility, Watkins began experiencing arm, leg, and back pain, which he believed was symptomatic of a previously diagnosed nerve disorder. Watkins submitted a medical request slip and received an appointment with Allan B. Martin, M.D., a physician employed at the facility. Dr. Martin ordered x-rays of the affected areas, prescribed medication, and referred Watkins to neurologist Manish K. Singh, M.D. Dr. Singh examined Watkins in January 2004, and recommended that an M.R.I. and several other diagnostic tests be performed. Dr. Singh also prescribed three medications, including Bextra, a pain reliever. Dr. Martin examined Watkins on two occasions in the weeks following his visit with the neurologist. Based on these examinations, Dr. Martin decided not to order an M.R.I. and not to refill Watkins' depleted supply of Bextra, even though the neurologist's prescription authorized refills of that medication. Watkins continued to take the other medications prescribed by Dr. Singh as needed, but he claims that his symptoms did not improve.

In October 2004, Watkins filed a pro se action under 42 U.S.C. § 1983 against the Cape May County Correctional Center and Prison Health Services, Inc., the entity responsible for providing medical care for the inmates at the jail. Watkins claims that the defendants violated his constitutional rights by not providing medical treatment in accordance with Dr. Singh's recommendations. The District Court granted the

2

defendants' motion for summary judgment, and Watkins now appeals.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's grant of summary judgment is plenary. Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997). Summary judgment is appropriate where the evidence submitted by the parties demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). In opposing a summary judgment motion, a non-moving party may not rely solely upon the allegations raised in the pleadings, but must set forth specific facts demonstrating the existence of a genuine issue of material fact for trial. FED. R. CIV. P. 56(e); Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 420 n.10 (3d Cir. 2000).

A claim by a pretrial detainee challenging the conditions of confinement in a state detention facility is analyzed under the Due Process Clause of the Fourteenth Amendment. See Hubbard v. Taylor, 399 F.3d 150, 157-58 (3d Cir. 2005). Where the challenge concerns medical care received at the facility, the applicable standard is the one set forth in Estelle v. Gamble, 429 U.S. 97 (1976). See Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). Under this standard, "plaintiffs must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle, 429 U.S. at 106). To show deliberate indifference, a plaintiff must do more than simply allege medical malpractice or express disagreement regarding the treatment provided. See

3

Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).  A physician does not act with deliberate indifference merely by disagreeing with the professional judgment of another doctor if the challenged treatment is one of several acceptable ways of addressing the patient's medical needs.  See White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

After concluding that Watkins had sufficiently shown that he suffered from a serious medical need at the time that he sought treatment, the District Court proceeded to analyze his claim that medical personnel at the correctional facility were deliberately indifferent to that need.  We agree with the District Court that Watkins has failed to establish that a genuine issue of fact exists as to whether medical personnel acted with deliberate indifference in not following the recommendations of the neurologist, Dr. Singh.  Dr. Martin, who is not a party to this action, submitted an affidavit stating that he decided not to order an M.R.I. and not to refill Watkins' Bextra prescription because he believed, within a reasonable degree of medical certainty, that such actions were not medically necessary.  Watkins has not countered Dr. Martin's testimony with any evidence showing that the doctor's decision to withhold the desired treatment was not a valid exercise of professional judgment.  Indeed, there is no indication from the neurologist's diagnosis sheets or any other evidence in the record that performance of an M.R.I. and continued intake of Bextra were necessary to effectively treat Watkins' symptoms.  It appears that there were multiple opinions among examining physicians regarding the proper treatment, and there is no basis in the record for concluding that Dr. Martin's

4

decision not to render treatment exactly in accordance with the specialist's recommendations is indicative of deliberate indifference.

As the evidence does not sufficiently show that a constitutional violation took place, we need not address Watkins' argument that the defendants should be held liable because the alleged wrongful actions took place pursuant to an official policy or custom. For the foregoing reasons, we will affirm the judgment of the District Court.